LEMMON, Justice.
This case presents the question of whether a party may obtain a trial by jury, in accordance with R.S. 23:848, when accused of indirect contempt of court for violation of an injunction issued in a labor dispute.[1]
*866 I.
During a strike at plaintiff’s oil refinery the trial court on March 4, 1980 rendered a judgment enjoining both plaintiff-employer and defendant-union from engaging in certain specified conduct. Three days later plaintiff-employer filed a motion for citation for contempt, alleging that the union had violated the preliminary injunction. Defendant-union immediately moved to have the contempt proceedings transferred to the criminal docket and designated for trial by jury. The trial court granted the motion and ordered the matter allotted in accordance with the court rules governing criminal proceedings.
Pursuant to C.C.P. Art. 2201 the employer filed an application for supervisory writs, which was granted by the court of appeal. After additional briefing the intermediate court reversed the ruling of the trial court, holding that R.S. 23:848 does not apply when injunctive relief is sought to prevent acts or threats of violence, intimidation or coercion which endanger public health, safety and welfare. 386 So.2d 378 (4th Cir. 1980). We granted certiorari to review that judgment. 393 So.2d 743 (La.1980).
II.
La.Const. Art. V, § 2 provides:
“A judge may issue writs of habeas corpus and all other needful writs, orders, and process in aid of the jurisdiction of his court. Exercise of this authority by a judge of the supreme court or of a court of appeal is subject to review by the whole court. The power to punish for contempt of court shall be limited by law.”
In proceedings arising out of labor disputes the Legislature has expressly outlined the procedure for exercising the judicial power to punish for contempt of court. In clear and express terms R.S. 23:848(3) accords a person who has been charged with indirect contempt for violation of an injunction the right to a speedy and public trial by a five-man jury. It is therefore evident that the Legislature intended that the general law governing punishment for indirect contempt of court for violation of an injunction be superseded by the special law when a labor dispute is involved and when the special laws conflict with the general law.
Relying on this court’s decision in Douglas Public Service Corp. v. Gaspard, 225 La. 972, 74 So,2d 182 (1954) and Godchaux Sugars, Inc. v. Chaisson, 227 La. 146, 78 So.2d 673 (1955), the court of appeal held that the unambiguous provisions of R.S. 23:848 are not applicable when serious acts or threats of violence, intimidation or coercion threaten public safety. The court accordingly remanded the matter for further proceedings on the civil docket.[2]
In the Douglas Public Service case different sections of R.S. 23:841 et seq. (The Little Norris-LaGuardia Act) were at issue. The trial court, after initially granting a temporary restraining order in favor of the employer, had dissolved the order and dismissed the employer’s suit for injunctive relief on an exception of no cause of action, finding that the allegations of the petition (taken as true) did not establish such violence or threats as would require injunctive relief for the preservation of peace and order. This court granted certiorari and held that the petition did state a cause of action, but did not simply reverse the judgment maintaining the exception and remand the matter for hearing required by R.S. 23:844.[3] Instead, this court went on to *867 consider the legality of any limitation on the power of trial courts to grant immediate injunctive relief and concluded that such limitations violated due process.
In Baton Rouge Coca-Cola Bottling Co. v. General Truck Drivers Local 5, 403 So.2d rationale of the Douglas Public Service case and rejected it. The court has now recognized that R.S. 23:844 does not violate due process any more than does its federal .counterpart and that the statute, rather than unconstitutionally limiting the court’s jurisdiction simply establishes valid and reasonable procedures and requirements for exercising jurisdiction in the issuance of an injunction in labor disputes.[4]
The present case involves a consideration of R.S. 23:848. That statute generally accords the accused (either an employer or an employee), in proceedings involving indirect contempt for violation of a restraining order or injunction issued by a court in labor disputes, the right to bail, the right to notice of the charge and to a reasonable opportunity to prepare a defense, and the right to a speedy and public trial by jury. The employer contends that this scheme constitutes an unconstitutional or illegal limitation on the power of the district court to punish for contempt. We disagree and hold that R.S. 23:848 simply establishes valid and reasonable procedures and requirements for such contempt proceedings.
The statute basically provides for minimum due process requirements when a party on either side of a labor dispute is accused of violating an injunctive order. The additional requirement of a trial by jury represents a legislative judgment that such a procedure should be employed in labor disputes and accords with the public policy in such matters expressed by the Legislature in R.S. 23:843. Since the statute expressly requires a speedy trial by jury, that procedure does not constitute an unreasonable limitation on the district court’s power to punish for contempt.
The employer argues, however, that the contempt proceedings in this case would have been delayed for months by the transfer to the criminal docket for trial in the next criminal jury term. We agree that the trial judge erred insofar as he ordered the matter allotted in accordance with the court rules generally governing criminal proceedings. R.S. 23:848 contemplates a special proceeding which may require special procedures if necessary, in order to empanel a jury immediately. If the trial court’s failure to provide for a speedy trial by jury (required by the statute) was the employer’s sole complaint, the court of appeal or this court could have afforded that relief immediately on application for super *868 visory writs.[5] Indeed, if R.S. 23:848’s express requirement of a speedy trial is met, there appears to be no prejudice to either side by the statute’s provision for trial by jury, since that provision merely changes the trier of fact from judge to jury.
Accordingly, the judgment of the court of appeal is reversed, and the judgment of the trial court is reinstated.[6] All costs of the supervisory review in both appellate courts are assessed to respondent.
BLANCHE, J., dissents for reasons assigned.

. R.S. 23:848 provides:
“In all cases where a person shall be charged with indirect contempt for violation of a restraining order or injunction issued by a court under this Part, the accused shall enjoy:
(1) The rights as to admission to bail that are accorded to persons accused of crime;
(2) The right to be notified of the accusation and a reasonable time to make a defense, provided the alleged contempt is not committed in the immediate view or presence of the court;
(3)The right to remove the said proceeding to the criminal docket for a speedy and public trial by an impartial jury of five from the judicial district wherein the contempt shall have been committed, provided that this requirement shall not be construed to apply to contempts committed in the presence of the court or so near thereto as to interfere directly with the administration of justice or to apply to the misbehavior, misconduct, or disobedience of any officer of the court in respect to the writs, orders, or process of the court; and
*866 (4) The right to file with the court a demand for the retirement of the judge sitting in the proceeding, if the contempt arises from an attack upon the character or conduct of such judge and if the attack occurred otherwise than in open court. Upon the filing of any such demand the judge shall thereupon proceed no further, but another judge shall be designated by the presiding judge of the court. The demand shall be filed prior to the hearing in the contempt proceeding.” (Emphasis supplied.)

. By this time the strike was over, but apparently the contempt proceedings were (and are) still pending.

. R.S. 23:844 prohibits courts from issuing injunctions in labor disputes until six specific factual findings are made by the trial court on *867 the basis of evidence introduced at a hearing. However, the statute provides an exception and allows issuance of a temporary restraining order (only on 48-hour notice) when unavoidable substantial and irreparable injury is alleged.

. This court subscribes, in effect, to the reasoning expressed in C. Reynard, The Work of the Louisiana Supreme Court for the 1952-1953 Term-Labor Law, 15 La.L.Rev. 255, 324 (1955), as follows:
“It [The Legislature] had declared as the policy of the state that ‘Legal procedure that permits a complaining party to obtain sweeping injunctive relief that is not preceded by or conditioned upon notice to and hearing of the responding party ... is peculiarly subject to abuse in labor litigation [for enumerated reasons],’ and expressly conditioned the granting of injunctive relief upon a series of findings made at a hearing. Thus, in the balancing of interests of employers and their property on the one hand, and employees and their right to engage in concerted activity on the other, the legislature prescribed a policy of minimal delay of forty-eight hours. Indeed, in a sense, the legislature was heeding rather than ignoring the constitutional exhortation of due process by providing reasonable notice and opportunity to be heard to workers prior to enjoining them in the exercise of their right to engage in concerted activity. No reasonable person wishes to see the owners of property denied their right to have legal protection of their interests. At the same time, however, equally reasonably minded persons, familiar with the dark history of labor injunctions, do not wish to see a return to the practices of those days. The statute in question represents the legislative judgment of a fair compromise between the competing interests in this area.”

. Of course, the indefinite state of the jurisprudence and the questionable continuing validity of the special procedures established in R.S. 23:841 et seq. served to confuse the issues in this case.

. Since the strike is now over, there appears to be no great need for a speedy trial. If such a need exists, either party may apply to the trial court for appropriate modification of the original order.
We point out, however, that a trial by a jury of less than six members deprives an accused of the right to trial by jury. See Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978).