CULPEPPER, Judge.
This is a suit to enjoin illegal picketing activities. The plaintiff, LeSabre Corporation, is the general contractor for the construction of a plant for United Gas Pipeline Company in Natchitoches Parish. The defendants were employed by plaintiff as welders. Plaintiff alleged these defendants walked off the job after a salary dispute, and that they were maintaining a picket line at the plant entrance and were carrying ax handles and harassing and threatening other employees and suppliers of materials who attempted to enter the plant. Pursuant to plaintiff’s petition, the trial judge granted a temporary restraining order without a hearing, and thereafter granted a preliminary injunction in essentially the same form and substance. The defendants appealed.
The substantial issues are whether the trial judge erred in issuing the temporary restraining order and the preliminary injunction without following the procedures described in LSA-R.S. 23:844 (the Little Norris-LaGuardia Act).
The record shows that on August 6,1981, plaintiff filed a petition alleging that defendants were maintaining a picket line at the entrance to the plant, that they were carrying ax handles and harassing and threatening other employees as they arrived at or left the plant, that defendants were threatening bodily harm to any workers who attempted to cross the picket line and *740 threatening to burn down their houses or harm their families, that defendants were wielding firearms and threatening to use them against other workers, that other workers and suppliers of materials were afraid to enter the plant for fear of harm, that these activities went far beyond the rights of the defendants to peacefully and orderly picket, that if defendants were allowed to pursue their course of conduct it would cause irreparable damage to plaintiff’s business and result in serious bodily harm or property damage to other workers, that accordingly it was necessary that the court enjoin the defendants from such illegal activities, that petitioner feared that during the pendency of these proceedings the defendants would continue their conduct and it was necessary that a temporary restraining order issue immediately and that after a hearing a preliminary injunction and a permanent injunction issue to the same effect. Without a hearing, the trial judge issued on August 6, 1981 a temporary restraining order enjoining defendants from:
“A. Appearing at the premises of United Gas Pipeline Company and disrupting business.
“B. Threatening to cause harm to workers, suppliers or any other persons connected with United Gas Pipeline Company and their families.”
The court further ordered that defendants show cause on the 11th day of August, 1981 why a preliminary writ of injunction should not issue in the form and substance of the temporary restraining order.
On August 7, 1981, defendants filed a motion to recall the temporary restraining order on the grounds that this was a labor dispute and plaintiff had not followed the procedure in LSA-R.S. 23:841-844, which requires 48-hour notice, a hearing, the furnishing of bond, etc. The hearing on the motion to recall was set for August 11, 1981, the same day as the hearing on the preliminary injunction.
At the beginning of the hearing on August 11, 1981, counsel for defendants requested a ruling on his motion to recall the temporary restraining order, to which the court responded that the motion to recall had become moot since the purpose of the temporary restraining order was to prevent personal injury or criminal activities until the hearing on the preliminary injunction, which hearing was being held that day. Accordingly, the trial judge denied the motion to recall the temporary restraining order and proceeded with the hearing on the preliminary injunction.
After the hearing, the court dictated into the record on the same day his findings of fact as follows:
“The Court finds that this is a labor dispute. There’s no evidence of malicious damage to any of the property of the LaSabre Corporation. There’s been no testimony that any of the employees, customers or the vendors have been either assaulted or battered by the persons on the picket line. Nor has there been any evidence that the pickets were harassed or assaulted or battered in any way by the management. The Court believes that there were axe or pick handles on the picket line. I believe that Mr. Harrison and Mr. Wortman have moved their families, because they fear for their safety. I also firmly believe in the right to peaceably assemble and make known grievances growing out of labor disputes. The ruling of the Court is that the right to picket is specifically recognized. The carrying of axe or pick handles, or any type of weapon, on the picket line is enjoined. There’s been no evidence that the pickets have trespassed on the property of United Gas. Therefore, the injunction on that issue is not shown to be necessary and is denied. So, the ultimate of it is that the picketing may continue, so long as there are no weapons on the picket line, and the only thing that is enjoined is the carrying of axe handles or anything else, which may be used as a weapon.”
Pursuant to these reasons by the trial judge, a formal judgment was signed issuing a preliminary injunction restraining defendants “from carrying or possessing axe *741 handles, firearms, or any other weapon at or in close proximity to the premises of the United Gas Pipeline Company Plant located on Placid Oil Road in Natchitoches Parish, Louisiana.”
The statute in question, LSA-R.S. 23:841, et seq., has its source in Act 203 of 1934, referred to as the “Little Norris-LaGuardia Act”, which is modeled after the Federal Act of the same name. The obvious purpose of the act was to limit the power of the courts in the granting of injunctions in labor disputes. Of particular pertinence to the present case is the following portion of the act:
“§ 844. Injunctions and restraining orders, grounds for issuance; proof required
No court shall issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as herein defined, except after hearing the testimony of witnesses in open court, with opportunity for cross-examination, in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court to the effect:
(1) That unlawful acts have been threatened or committed and will be executed or continued unless restrained;
(2) That substantial and irreparable injury to complainant’s property will follow unless the relief requested is granted;
(3) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial thereof than will be inflicted upon the defendants by the granting thereof;
(4) That no item of relief granted is relief that a court has no authority to restrain or enjoin under R.S. 23:841;
(5) That complainant has no adequate remedy by ordinary legal procedure; and
(6) That the public officers charged with the duty to protect complainant’s property have failed or are unable to furnish adequate protection.
Such hearing shall be held after due and personal notice thereof has been given, in such manner as the court shall direct, to all known persons against whom relief is sought, and also to those public officers charged with the duty to protect complainant’s property.
If a complainant shall also allege that unless a temporary restraining order is issued before such hearing can be had a substantial and irreparable injury to complainant’s property will be unavoidable, such a temporary restraining order may be granted upon the expiration of such reasonable notice of application therefor as the court may direct by order to show cause, but in no case less than forty-eight hours.
Such order to show cause shall be served upon such party or parties as are sought to be restrained and as shall be specified in said order, and the restraining order shall issue only upon testimony,, or in the discretion of the court, upon affidavits, sufficient, if sustained, to justify the court in issuing a temporary injunction upon a hearing as herein provided for.
Such a temporary restraining order shall be effective for no longer than five days, at the expiration of which time it shall become void and not subject to renewal or extension; provided, that if the hearing for a temporary injunction shall have been begun before the expiration of the said five days the restraining order may, in the court’s discretion, be continued until a decision is reached upon the issuance of the temporary injunction.
No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs, together with a reasonable attorney’s fee, and expense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court.
*742 The undertaking herein mentioned shall be understood to signify an agreement entered into by the complainant and the surety upon which a decree may be rendered in the same suit or proceeding against the said complainant and surety, the said complainant and surety submitting themselves to the jurisdiction of the court for that purpose. But nothing herein contained shall deprive any party having a claim or cause of action under or upon such undertaking from electing to pursue his ordinary remedy by suit at law.”-';
On appeal, defendants argue the trial judge erred in issuing the ex parte temporary restraining order without 48-hour notice, without a hearing and without a bond, as required by LSA-R.S. 23:844. Defendants also argue that this was a labor dispute over wages and working conditions, that none of the alleged threats or acts of violence were proved and that both the temporary restraining order and the preliminary injunction were erroneously issued. Defendants seek damages and a reasonable attorney’s fee, as provided by LSA-R.S. 23:844.
In its original brief filed in this Court, the plaintiff cited Douglas Public Service Corporation v. Gaspard, 225 La. 972, 74 So.2d 182 (1954); Godchaux Sugars v. Chaisson, 227 La. 146, 78 So.2d 673 (1955) and Goodhope Refineries, Inc. v. Oil, Chemical & Atomic Workers International, Local 4-447, 386 So.2d 378 (La.App. 4th Cir. 1980). These cases held that in view of the provisions of the Louisiana Constitutions that a judge may issue all needful writs and orders necessary in aid of his jurisdiction (La. Const.1921, Art. 7, Sec. 2; La.Const.1974, Art. 5, Sec. 2), the provisions of LSA-R.S. 23:844 (the Little Norris-LaGuardia Act) do not apply where injunctive relief is sought to prevent acts or threats of violence, intimidation or coercion to the extent that the public’s health, safety or general welfare is at stake. The rule stated in this line of jurisprudence was still the law when the district judge in the present case granted the temporary restraining order and the preliminary injunction. Under those cases, the trial judge was probably correct.
However, as counsel for the plaintiff has pointed out in a supplemental brief filed in this Court, the Louisiana Supreme Court has recently rendered two decisions which substantially affect the result in the present case. In Goodhope Refineries, Inc. v. Oil, Chemical & Atomic Workers, Local 4-447, supra, our Supreme Court granted writs and rendered a decision, 400 So.2d 865 (1981), holding that a person accused of indirect contempt of court for violation of an injunction issued in a labor dispute has a right to a trial by jury under LSA-R.S. 23:848. The court states that this particular provision of the “Little Norris-LaGuar-dia Act” supersedes the general law governing punishment for indirect contempt of court for violation of an injunction, when the alleged contempt arises out of a labor dispute. In its brief, the plaintiff in the present case argues the Supreme Court’s decision in Goodhope is limited to contempt of injunctions issued in labor disputes. We need not decide the merits of this argument, because the present case is clearly controlled by the other case recently decided by our Supreme Court, as discussed below.
In Baton Rouge Coca-Cola Bottling Company, Ltd. v. General Truck Drivers, etc., 403 So.2d 632 (1981), the plaintiff employer obtained an ex parte temporary restraining order after giving the 48-hour notice and posting a $1,000 bond. The trial court denied defendant’s motion to dissolve the temporary restraining order but granted a preliminary injunction and increased the bond to $2,500. The Court of Appeal affirmed, 394 So.2d 1246 (La.App. 1st Cir. 1980). The Supreme Court reversed.
At the beginning of its opinion in Baton Rouge Coca-Cola, the Supreme Court stated the issues were (1) whether the “Little Norris-LaGuardia Act” governed the issuance of injunctions in labor disputes, and (2) whether a preliminary injunction was issued in compliance with the act. In answering these questions, the Supreme Court overruled Douglas Public Service Corpora *743 tion v. Gaspard, supra, and held that the statute is not an unconstitutional infringement on the court’s jurisdiction to grant injunctive relief. The majority opinion states:
“Douglas concluded, without supporting reasons, that compliance with the statute denied- due process. As Justice Hawthorne noted in dissent, any due process infirmity in our statute is shared by the federal act. In fact, neither law denies due process.
“Both acts are legislative determinations of how the conflicting interests of employers and employees should be accommodated. Rather than denying due process, LSA-R.S. 23:844 insures it by providing reasonable notice and an opportunity for workers to be heard prior to the granting of injunctive relief. The declaration of policy in LSA-R.S. 23:843 recognizes that injunctive relief ‘... is peculiarly subject to abuse in labor litigation.’ “[2,3] The statute is not an unconstitutional infringement on the courts’ jurisdiction to grant injunctive relief. Injunctions are not prohibited in labor disputes, but preclusive procedures and guidelines must be followed before that relief is available.”
After concluding in Baton Rouge Coca-Cola that LSA-R.S. 23:844 is not an unconstitutional infringement on the courts’ jurisdiction to grant injunctive relief, the court went on to apply its provisions to that case. The court noted that plaintiff had alleged mass picketing, intimidation of persons seeking ingress to and egress from the plant, threatening and abusive language, obstruction of ingress and egress to the plant, etc. However, the court noted with particularity that Coca-Cola failed to allege or prove that law enforcement officers were unable to furnish adequate protection, which is the sixth of the requirements listed under LSA-R.S. 23:844 quoted above. The majority opinion holds:
“LSA-R.S. 23:844 requires allegations and proof of public officers’ failure or inability to furnish protection before an injunction may be issued in a labor dispute. Because of failure to comply with this statutory requirement, the preliminary injunction was improperly issued. It must be dissolved.”
The entire majority opinion in Baton Rouge Coca-Cola was signed by only the author and two justices. However, three justices concurred, with the explanation that although they were inclined to think that the Little Norris LaGuardia Act’s mandatory requirement of a 48-hour delay before a temporary restraining order may be granted could be ignored by the district court in a situation where it is clearly shown that violence to persons or property is imminent, the 48-hour notice was in fact given in the Baton Rouge Coca-Cola case, so the constitutionality of that portion of the statute was not at issue. One justice dissented.
Insofar as the present case is concerned, a clear majority of the Supreme Court has held that neither the temporary restraining order nor the preliminary injunction may be issued unless the plaintiff complies with LSA-R.S. 23:844, Subparagraph 6, by alleging and proving that the public officers charged with the duty to protect the complainant’s property have failed or are unable to furnish adequate protection. In the present case, the plaintiff has neither alleged nor proved this requirement. Actually, at the hearing on the preliminary injunction the deputy sheriff who served most of the defendants on the picket line on the morning of Friday, August 7, 1981, stated that he saw no violence or other unlawful acts which he was unable to control. Therefore, under the majority opinion by the Supreme Court in Baton Rouge Coca-Cola, we conclude that both the temporary restraining order and the preliminary injunction were unlawfully issued.
Under the express provisions of LSA-R.S. 23:844, the defendants are entitled to recover damages and a reasonable attorney’s fee for the erroneous issuance of the temporary restraining order and the preliminary injunction. No evidence having been introduced to prove the amounts of damage or attorney’s fee, we will remand this case for disposition consistent with this decision.
*744 For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for a determination of the amount of damages and a reasonable attorney’s fee to which the defendants are entitled by reason of the erroneous issuance of the temporary restraining order and the preliminary injunction. All costs in the trial court and the costs of this appeal are assessed against the plaintiff.
REVERSED AND REMANDED.